EARLE F. RANDOLPH, APPELLANT, v. HAMMERSLEY MANUFACTURING COMPANY, RESPONDENT.

Submitted March 22, 1920—Decided June 14, 1920.

1.  This suit was brought under the Workmen's Compensation act alleging in the complaint an agreement to pay compensation for the injury within one year after the accident, as provided by the statute, *Held*, there was no evidence from which such an agreement could be inferred. The payment of wages and the doctor's bill alone is not sufficient from which such an implied agreement can be inferred.
2.  The cases of *Holzapfel* v. *Hoboken Mfg. R. R. Co.*, 92 N. J. L. 193; *O'Brien* v. *Scandinavian-American Line*, decided March 1st, 1920 (*ante* p. 244); *DuPont* v. *Spocidio*, 90 N. J. L. 438, distinguished.

On appeal from the Supreme Court.

For the appellant, *Collins & Corbin, George S. Hobart, Harry H. Weinberger* and *Edward A. Markley.*

For the respondent, *Clarence B. Tippett.*

The opinion of the court was delivered by

BLACK, J.   This suit was commenced on December 23d, 1919. The complaint alleged an injury to the plaintiff caused by an accident on August 21st, 1914. The accident arose out of and in the course of the employment of the plaintiff by the defendant. The basis of the complaint is an allegation that the plaintiff and the defendant entered into an agreement,

providing for the payment of compensation by the defendant to the plaintiff, for such injury, under and by virtue of the provisions of the Workmen's Compensation act. The trial court directed a verdict for the defendant on the ground that the testimony showed there was no agreement on the part of the defendant to pay the plaintiff anything. This is the sole ground of appeal. The plaintiff testified:

"*Q.* Now, did you ever make a request or demand upon the company for compensation?

"*A.* No, sir."

The president and treasurer of the defendant company testified to the same effect. We are unable to find any evidence in the record that would justify even an inference that the parties had agreed upon any compensation for the injury. This, in our view, disposes of the question involved in this appeal with the result that it was not error for the trial court to direct a verdict for the defendant. The argument of the appellant, however, is that the plaintiff was injured on August 21st, 1914; he returned to work on May 1st, 1915, and continued to work until December 31st, 1915; he received during this time from the defendant, with the exception of a month, when he went on a vacation, his salary of $125 per month. The defendant, also, paid the doctor's bills. The plaintiff had at no time entered into any agreement not to be bound by the terms of the Workmen's Compensation act. See *McNult* v. *Adams Express Co.,* decided March term, 1920 (*ante p.* 487). An express agreement is not relied upon. But it is urged that it was a question for the jury to say under this evidence, and the inferences to be drawn therefrom, whether the plaintiff had established the implied agreement upon which the suit was based. It is further urged that under the cases of *Holzapfel* v. *Hoboken Manufacturing Railroad Co.,* 92 *N. J. L.* 193, and *O'Brien* v. *Scandinavian-American Line,* decided March 1st, 1920 (*ante p.* 244), this suit can be maintained. But those cases are not an authority for any such position. In each of those cases there was a definite contract, identical in form, entered into, in writing, in terms distinct

and clear. The contracts provided for specific compensation under the statute. The actions were for liquidated damages only. It was held that under the contracts in those cases they could be enforced by a common law action. The common law courts had power to entertain a suit for arrears for liquidated installments due under the contract. That is not this case. The case of *DuPont* v. *Spocidio*, 90 *N. J. L.* 438, in the Supreme Court, simply held that there was evidence justifying the finding by the trial judge that there was an agreement for compensation, and when such an agreement was in fact made it relieves the claimant of the obligation to bring his suit within one year after the injury. A petition filed after one year from the date of the injury in the Court of Common Pleas was sustained because of the agreement.

The judgment of the Supreme Court will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.